# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2393

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: April 14, 2025
Filed: July 16, 2025
[Unpublished]

_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Richard Johnson appeals the district court's[1] denial of his motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He contends the disparity between the 32-year sentence he received in 2012 and the sentence he would receive

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

today under the First Step Act of 2018 ("FSA") constitutes an "extraordinary and compelling" reason for relief. We affirm.

In 2010, a grand jury indicted Johnson on four counts of an eight-count indictment. Count Five charged robbery involving controlled substances, in violation of 18 U.S.C. §§ 2118(a) and (c)(1), and aiding and abetting under § 2. Count Six charged him with using, carrying, and possessing a firearm in furtherance of the robbery charged in Count Five, in violation of § 924(c)(1)(A) and § 2. Count Seven charged possession with intent to distribute hydrocodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Eight charged the use, carrying, and possession of a firearm in furtherance of the drug trafficking offense in Count Seven, also under § 924(c)(1)(A) and § 2.

In 2011, Johnson pled guilty to the two § 924(c) firearm offenses charged in Counts Six and Eight. At the time, § 924(c) required a 7-year mandatory minimum sentence for a first offense involving brandishing a firearm, and a 25-year minimum sentence for a second conviction—even when both convictions arose from the same proceeding. See 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i) (2012). The district court sentenced Johnson to consecutive terms of 7 and 25 years for the two convictions, totaling a "stacked" sentence of 32 years.

In 2018, Congress amended § 924(c) to eliminate this form of sentence "stacking." See First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. Under the amended statute, the 25-year penalty in § 924(c)(1)(C) applies only when a prior § 924(c) conviction has become final. Id. Congress limited retroactivity to defendants for whom "a sentence for the offense has not been imposed as of such date of enactment." Id. § 403(b). Because Johnson was sentenced in 2012, the amendment did not apply retroactively to his case. If he were sentenced today, however, the two § 924(c) convictions would not trigger the 25-year penalty, and the applicable mandatory minimum would be 7-year terms for each conviction, or 14 years total.

In 2020 and 2021, Johnson filed two motions to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), contending the 18-year disparity between his actual sentence and the sentence he would receive under current law constituted an "extraordinary and compelling" reason warranting relief. In 2024, the district court concluded that our decision in United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022), foreclosed relief and declined to reduce Johnson's sentence under U.S.S.G. § 1B1.13(b)(6). Johnson timely appealed.

We review *de novo* a defendant's eligibility to seek a sentence reduction under the FSA. United States v. Sisco, 41 F.4th 1032, 1035 (8th Cir. 2022). If the defendant is eligible, we review the district court's decision to deny relief for an abuse of discretion. Id. A district court may reduce a sentence under § 3582(c)(1)(A) if three conditions are met: (1) "extraordinary and compelling reasons" justify the reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors under § 3553(a) support relief. See § 3582(c)(1)(A); United States v. Avalos Banderas, 39 F.4th 1059, 1061 (8th Cir. 2022). Congress authorized the Sentencing Commission to define "extraordinary and compelling" reasons in 28 U.S.C. § 994(t), subject to the limitation that rehabilitation alone is not sufficient.

The applicable policy statements are found in U.S.S.G. § 1B1.13. In 2023, the Sentencing Commission amended § 1B1.13 to include subsection (b)(6), which permits courts to consider certain nonretroactive changes in law as an "extraordinary and compelling reason" for a sentence reduction. Relief under this provision is limited to defendants who (1) are serving an unusually long sentence, (2) have served at least ten years, (3) show that the change in law has created a gross sentencing disparity, and (4) present individualized circumstances justifying a reduction. U.S.S.G. § 1B1.13(b)(6). The Guidelines also clarify that, outside subsection (b)(6), changes in law may not be considered in determining whether "extraordinary and compelling" reasons exist. U.S.S.G. § 1B1.13(c).

Nonetheless, our precedent holds that a nonretroactive change in sentencing law cannot, independently or in combination with other factors, constitute an "extraordinary and compelling reason" under § 3582(c)(1)(A). Crandall, 25 F.4th at 586; United States v. Rodriguez-Mendez, 65 F.4th 1000, 1004 (8th Cir. 2023) (considering proposed amendments to § 1B1.13, including subsections (b)(6) and (c), and reaffirming Crandall as binding precedent). In Crandall, we rejected a similar claim for relief based on the FSA's amendment to § 924(c). 25 F.4th at 583. We explained that congressional changes to sentencing laws, while consequential, "may not be 'extraordinary' as an empirical matter." Id. at 586. Moreover, a defendant's insufficient individualized factors—such as age, health, and rehabilitation—do not become "extraordinary and compelling" because they are paired with an impermissible legal ground. Id.

Johnson argues that § 1B1.13(b)(6) supersedes Crandall by expanding the definition of "extraordinary and compelling," but that argument is foreclosed by Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). There, the Supreme Court overruled Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), and held that courts may not defer to agency interpretations of ambiguous statutes merely because the statute is ambiguous. Id. at 412. It further described such deference as the "antithesis" of judicial review, particularly when it "forces courts to [defer] even when a pre-existing judicial precedent holds that the statute means something else." Id. at 399 (citation modified).

Although Loper Bright involved the Administrative Procedure Act, it reinforces the principle that courts have the final authority to interpret statutes. Id. at 373. As the Third Circuit recently observed in the sentencing context, "Loper Bright is still instructive as we assess the assertion that the Commission's view of a statute should trump our own." United States v. Rutherford, 120 F.4th 360, 379 (3d Cir. 2024), cert. granted, No. 24-820, 2025 WL 1603603 (U.S. June 6, 2025). That principle controls here. While § 994(t) authorizes the Sentencing Commission to identify permissible grounds for relief, it cannot displace our interpretation of the statutory limits of § 3582(c)(1)(A). Crandall remains binding law in this circuit, and

the nonretroactive change in law on which Johnson relies does not constitute an "extraordinary and compelling" reason under the statute. Because Johnson presents no other legally sufficient basis for relief, the district court did not abuse its discretion in denying his motions.

We affirm the judgment of the district court.

_____